# MARGARITA RIVERA

*v.*

# MANUEL CADIERNO.

San Juan, Law, No. 432.

1. When plaintiff shows breach of contract of marriage by defendant, and the latter shows nothing in defense, the court will take that question from the jury.

2. In actions on breach of promise of marriage contracts the jury are not limited by the rules governing actions upon simple contracts to pay money.

3. The amount of damages is within the sound discretion of the court.

4. Exemplary damages must be given against one who, without just cause, breaks a contract of marriage.

5. In such cases the jury may consider: defendant's general reputation for wealth or poverty; his social position; the depth of plaintiff's devotion to him; her lack of independent means; her mortification and injured feelings and affection; and plaintiff's social position; her loss of time and expenses in preparing for the marriage; injuries to her health; damages to her reputation and to her future prospects of marriage.

6. If defendant, in his answer, has made charges derogatory to plaintiff's character, and has failed to prove them, that also is an element of damage.

7. The animus in breaking the contract may be shown in aggravation or in mitigation of damages.

Case tried May 21, 1907.

*Mr. F. H. Dexter,* attorney for the plaintiff.

*Mr. H. F. Hord,* attorney for the defendant.

Rivera v. Cadierno.

Instructions by RODEY, Judge:

## Statement.

The facts in this case are set forth at length, and the law regarding the same is fully set out in an opinion overruling a demurrer to the complaint. See 3 Porto Rico Fed. Rep. 43. The facts, for the purpose of understanding these instructions, are sufficiently set out in the same, or can be inferred therefrom.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a plain action at law for the recovery of damages, which the plaintiff lays in the sum of $10,000, for a breach of a promise of marriage made to her by the defendant. The plaintiff has made out her case fully and conclusively, and the defendant has introduced no evidence that in law justifies a breach of his promise of marriage, which she has fully established before you. So, in such a case, it becomes the duty of the court to take that question away from you and settle it as a point of law; and therefore you are instructed that, at all events, you must return a verdict in favor of the plaintiff, and only one form of verdict will be given you because of that fact. The question of the amount of damages to be awarded to the plaintiff, within the limit of $10,000 claimed in the complaint, is left entirely to your judgment, and must be fixed by the jury. This narrows your duties very considerably.

You are instructed that, in actions for breach of promise of marriage, damages are not limited to the rules governing actions upon simple contracts for the payment of money. The amount of damages, as stated, rests within the sound discretion of the

Rivera v. Cadierno.

jury, within the instructions of the court, in each particular case, subject to the general restriction that a verdict influenced by prejudice, passion, or other improper considerations would not be allowed to stand. But it is a rule of law that, to keep cases of this kind out of the courts, and to punish him who violates his solemn promise of marriage without just cause, exemplary damages may be properly awarded. And you may take into consideration, in estimating the damages to be allowed the plaintiff, the defendant's general reputation for wealth, if any evidence is in the cause tending to any extent to prove that fact, and the same as to his poverty; and you may also consider his social position; the length of time which the engagement has endured; the depth of the plaintiff's devotion to him; her lack of independent means; her mortification and injured feelings and affections; and the defendant's social position, as showing what the plaintiff has missed by his marrying some other person.

It is wholly immaterial whether the defendant, in truth and in fact, had any affection for the plaintiff or not, as the damages to which the plaintiff is entitled are for the breach of the contract, resulting in injury to her sensibilities, and not to those of the defendant. And you cannot offset the unhappiness that she might have had to endure with him after marriage, against any damage which you believe, from a preponderance of the evidence, he has actually caused to her.

The jury may also consider, in estimating the damages, the manner in which the defendant broke the engagement and his behavior in that regard. To state it concisely, the plaintiff is entitled to recover damages for loss of time; for expenses incurred in making preparations for the marriage, if any have been proved before you; for mental sufferings and shock to her

sensibilities occasioned by the breach of the contract; for injury to her health, if any; for loss of a permanent home and the worldly advantages she might have derived therefrom; for damage to her reputation; for injury to her future prospects of marriage; and for any humiliation, contempt, or mortification she may have suffered in the circles wherein she moved, by reason of such breach of contract.

You are further instructed that, if the defendant, in his answer, has charged the plaintiff with any conduct derogatory to her character, and has failed to offer any proof in support thereof, or if that which he has offered is insufficient or of a frivolous character, then you may consider that fact as an aggravation of the damages to which plaintiff is entitled.

You are further instructed that, as the animus with which the contract was broken is material, and may be shown in aggravation of damages, so, on the other hand, it is competent for the defendant to prove in mitigation any facts showing that his motive was not bad and his conduct neither cruel nor malicious; and you may consider that fact in mitigation of damages in the premises.

You are further instructed that it was proper for the defendant to show that his refusal to fulfil his promise of marriage was because his parents opposed the same, but that does not justify his breaking the contract, as he was of full age.

You are further instructed that, if you believe, from a preponderance of the evidence, that the conduct of the defendant in violating his promise is characterized by a disregard of the plaintiff's feelings or reputation; if he has placed her or induced her to place herself in a false position, or to forego temporal advantages or pleasures; and that the breach of promise was

Rivera v. Cadierno.

unjustifiable; and that his action, in any language he may have put in the pleadings, tended to reflect upon the plaintiff or her reputation,—then any and all of these circumstances may be considered by you to enhance the damages you may see fit to allow the plaintiff within the limit fixed in the complaint.

Verdict for $10,000 for plaintiff.